**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 3, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TEVIN JAMAL ANDERSON,

    Defendant - Appellant.

No. 16-6124
(D.C. No. 5:15-CR-00212-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Tevin Jamal Anderson pled guilty to engaging in the firearms business without

a license in violation of 18 U.S.C. § 921(a)(1)(A). At sentencing, the district court

applied a two-level enhancement under § 3C1.1 of the U.S. Sentencing Guidelines

Manual (U.S. Sentencing Comm'n 2004) (the Guidelines) for obstruction of justice.

On appeal, Mr. Anderson contends that the court erred in applying the enhancement

because his effort to hide a firearm occurred contemporaneously with his arrest

within the meaning of application note 4(d) to § 3C1.1, and the government failed to

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

show that this conduct materially hindered the official investigation or prosecution of the offense. Exercising jurisdiction under 18 U.S.C. § 3742(a)(2) and 28 U.S.C. § 1291, we affirm the sentence.

## THE DISTRICT COURT PROCEEDINGS

The following facts are set forth in the government's Presentence Report (PSR). On August 7, 2015, a confidential informant working with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, conducted a controlled purchase of a Ruger handgun from Mr. Anderson. The transaction took place in Mr. Anderson's vehicle. On September 8, the informant met again with Mr. Anderson in his vehicle, this time to make a controlled purchase of a Glock handgun for $250.00. But instead of selling him the gun, Mr. Anderson pointed the weapon at the informant and motioned for him to hand over the money. The informant quickly exited the vehicle without the gun or the money.

The government later learned that shortly after the robbery, Mr. Anderson was with his friend, Deverick Hooks. According to Mr. Hooks, Mr. Anderson saw a police vehicle and threw the Glock handgun in an alley. Later that day, but prior to his arrest, Mr. Anderson retrieved the gun and asked Mr. Hooks to hide it for him. Following his arrest and while he was in custody, Mr. Anderson called his girlfriend, Ashanti Bell, and told her that he "would slap them [n word] who spoke to law enforcement and that he would punch out the person who was supposed to be taking care of his 'shit' if it was not still available." R., Vol. 2 at 28. Several days later, Ms. Bell called Mr. Hooks and said: "My baby's daddy said to come and get his

2

pistol." *Id*. at 5. According to Mr. Hooks, Ms. Bell picked up the firearm on or about September 15, 2015. Law enforcement never recovered the handgun.

The PSR recommended a two-level obstruction enhancement under § 3C1.1. Specifically, the PSR stated that Mr. Anderson "attempted to obstruct justice by hiding the Glock firearm in an alley when he knew law enforcement officers were looking for him, then later giving the Glock to another individual to continue hiding it[.]"[1] *Id.* The proposed enhancement resulted in Mr. Anderson having a Guidelines sentence of 30-37 months. Without the obstruction enhancement, however, Mr. Anderson would have a Guidelines-range sentence of 24-30 months.

Mr. Anderson objected to the proposed enhancement on the ground that his conduct occurred contemporaneously with his arrest and therefore came within the meaning of application note 4(d). In reply, the government argued that Mr. Anderson's "obstructive conduct continued after his arrest, when he contacted his girlfriend [Ms. Bell] and directed her to secure the firearm from [Mr.] Hooks." *Id*. at 24. In any event, "[b]ecause of his repeated obstructive conduct, [Mr. Anderson] was ultimately able to prevent law enforcement from recovering the firearm. Thus, even if [his] conduct did fall within the contemporaneous to arrest exception, the enhancement would still apply because the conduct resulted in a material hindrance to the investigation." *Id*.

---

[1] In seeking the enhancement, the probation officer also relied on Mr. Anderson's threats to harm the confidential informant. But neither the government nor the district court relied on those statements to support the enhancement.

3

At Mr. Anderson's sentencing hearing, the district court overruled Mr. Anderson's objection:  "I am satisfied by a preponderance of the evidence that both the initial hand-off of the weapon to [Mr.] Hooks and then the subsequent conversations with his girlfriend evidence an effort to hide—hide this weapon from law enforcement, so I think it's appropriate for the two-level enhancement to apply." *Id.*, Vol. 3 at 12-13.[2]  The court sentenced Mr. Anderson to 37 months' imprisonment.

## ANALYSIS

"The government carries the burden of proving by a preponderance of the evidence that an enhancement is appropriate."  *United States v. Villanueva*, 821 F.3d 1226, 1239 (10th Cir. 2016) (internal quotation marks omitted).  "When evaluating sentence enhancements under the Sentencing Guidelines, we review the district court's factual findings for clear error and questions of law *de novo.*"  *United States v. Mozee*, 405 F.3d 1082, 1088 (10th Cir. 2005).  With regard to the facts, "[w]e will not disturb a factual finding unless it has no basis in the record.  Moreover, in reviewing the court's decision to apply an enhancement, we view the evidence and

---

[2] Mr. Anderson contends that his comment to Ms. Bell that he "would punch out the person who was supposed to be taking care of his 'shit' if it was not still available," R., Vol. 2 at 28, was not about the firearm.  As such, he disagrees with the district court's finding that his "conversations with his girlfriend evidence an effort to hide . . . [the] weapon," *id.*, Vol. 3 at 12.  Whether the message was communicated in this particular conversation does not matter because a reasonable inference is that at some point while he was in custody, Mr. Anderson conveyed to Ms. Bell that Mr. Hooks had his firearm and he wanted it back.  As Ms. Bell told Mr. Hooks: "My baby's daddy said to come and get his pistol."  *Id.*, Vol. 2 at 5.  More to the point, this factual finding has a basis in the record and we will not disturb it on appeal.  *See United States v. Mozee*, 405 F.3d 1082, 1088 (10th Cir. 2005).

inferences therefrom in the light most favorable to the district court's determination."

*Id*. (citation omitted).  Mr. Anderson argues that the district court's findings of fact

are insufficient to warrant the enhancement.  Thus, our review is de novo.

USSG § 3C1.1 provides:

> If (1) the defendant willfully obstructed or impeded, or attempted to
> obstruct or impede, the administration of justice with respect to the
> investigation, prosecution, or sentencing of the instant offense of
> conviction, and (2) the obstructive conduct related to (A) the defendant's
> offense of conviction and any relevant conduct; or (B) a closely related
> offense, increase the offense level by 2 levels.

Application note 4(d) of the commentary to § 3C1.1 includes as examples of

obstructive conduct "destroying or concealing or directing or procuring another person to

destroy or conceal evidence that is material to an official investigation or judicial

proceeding . . . or attempting to do so."  The application note, however, "admits a limited

exception for certain conduct directed at concealing or destroying, which occurs

contemporaneously with arrest."  *United States v. Bedford*, 446 F.3d 1320, 1324

(10th Cir. 2006).

> [I]f such conduct occurred contemporaneously with arrest (e.g., attempting
> to swallow or throw away a controlled substance), it shall not, standing
> alone, be sufficient to warrant an adjustment for obstruction unless it
> resulted in a material hindrance to the official investigation or prosecution
> of the instant offense or the sentencing of the offender.

U.S.S.G. § 3C1.1 cmt. n.4(d).

The term "contemporaneous" as used in application note 4(d) has been

"construed to encompass obstructive conduct just prior to arrest, as when the police

are at the defendant's door."  *United States v. Norman*, 129 F.3d 1393, 1400 (10th

Cir. 1997) (internal quotation marks omitted).  The exception also includes "conduct

5

admitting a spontaneous or visceral or reflexive response occurring at the point arrest becomes imminent." *Bedford*, 446 F.3d at 1325 (internal quotation marks omitted).

We agree with the district court that neither Mr. Anderson's conduct in retrieving the weapon and giving it to Mr. Hooks, nor instructing Ms. Bell to get the firearm from Mr. Hooks occurred spontaneously when Mr. Anderson was about to be arrested.[3] There is no evidence that law enforcement was anywhere near the alley when Mr. Anderson returned to retrieve the firearm. To the contrary, the fact that Mr. Anderson returned at all speaks to a belief that law enforcement had left the area. And because he was already in custody when he told Ms. Bell to get his firearm from Mr. Hooks, there was obviously no concern about an arrest nor anything spontaneous about his conduct. As such, Mr. Anderson was not entitled to the benefit of the exception and the court did not err in adding a two-level enhancement.

The sentence of the district court is affirmed.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

---

[3] Because we conclude that Mr. Anderson's conduct was not contemporaneous with an arrest, we do not address whether his conduct was a material hindrance to the official investigation or prosecution, which would also justify a two-level enhancement. *See* U.S.S.G. § 3C1.1 cmt. n.4(d).